MANUEL RIVERA PÉREZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, LUIS JANER LANDRÓN, JUDGE, Respondent.

Nos. 355, 356 and 357. Argued May 29, 1941.—Decided June 5, 1941.

*V. Gutiérrez Franqui* and *M. Velázquez Flores,* for petitioner.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The petitioner Manuel Rivera Pérez has filed in this Court three separate petitions of mandamus, under Nos. 355, 356 and 357, wherein he prays, respectively, that we issue a writ of mandamus ordering the District Court of Humacao to decree the dismissal and filing away of the criminal cases Nos. 15,947, 15,948 and 15,949 of said court, for the alleged reason that the trial of said cases was not held within the term of 120 days fixed by Section 448 (subdivision 2) of the Code of Criminal Procedure.

The facts alleged in the three petitions are identical and briefly stated are as follows:

The complaint against the petitioner was filed on November 25, 1940, and read to the defendant on December 9, 1940. On March 14, 1941, the trial of the case was set for the 31st of the same month. On March 25, 1941, the defendant, for the first time, requested that the date of the trial be advanced, to which the court could not accede due to the excessive work pending before it from November, 1940, until March, 1941.

On March 27, 1941, the defendant filed a motion in the lower court, requesting the dismissal and filing away of the cases, which motion was denied by order of May 13, 1941, which in its pertinent part reads as follows:

". . . Although it is true that the trial was set for March 31, that is, seven days after the statutory term had elapsed, as the case was set within said term, and it was not until March 25, 1941, that is, eleven days after March 14, 1941, and consequently, one day after the statutory 120 days had elapsed that the defendant for the first time took action to request that the date of trial be advanced, he did not show the necessary interest to obtain a speedy trial.

"On the other hand, the district attorney offered evidence, which was duly presented, documentary as well as parol, according to the stenograhic record taken to that effect, showing the impossibility of the court due to the circumstances attendant in the same during the months included from November, 1940, until March, 1941, of holding this trial before the date for which it was set.

"The trial, which was set for March 31, was continued, on motion of the defendant, until a new date should be set for its holding.

"Considering the circumstances present in this case, the court denies the motion to dismiss and file away and sets the trial for next June 9, 1941, at nine o'clock in the morning. (*Garcés* v. *District Court*, 55 P.R.R. 899; *People* v. *Ortiz*, 51 P.R.R. 367.) Let this order be notified."

In the case of *Garcés* v. *District Court, supra,* cited by the lower court, the informations were filed on July 21, 1939, and the trial was set for December 1, 1939, that is, for ten days after the term of 120 days fixed by statute. The case was set on November 25, that is, some four days after the

term of 120 days had elapsed. Upon ordering the issuance of a peremptory writ of mandamus, this Court, through its Chief Justice, Mr. Del Toro, said as follows:

"Under the facts set out above, although the deviation from the mandate of the law is not a serious one, we are compelled to grant the petition because not only was the trial set for a date later than the 120 days counted from the day when the information was filed, but the case was entered in the docket after said period had elapsed, without there being any indication as to why it could not be done before.

"It can be understood that a district court may have so many cases pending that although it works actively it cannot on some occasions try them all within the statutory period of 120 days, but one cannot explain why a court cannot enter in the docket all the cases pending before it and ready for trial, prior to the expiration of said period. If the case is thus entered in the docket and defendant does not claim his right to a speedy trial before the statutory period elapses, said right would be waived. If it is claimed, then the court would have the opportunity of doing everything possible to set ahead the date of trial. If it were impossible to do so, the good cause which the law provides would exist and in case defendant should request the dismissal of the prosecution, the court would be justified in denying such a motion." (55:902.)

The cases we are considering were set for trial on March 14, 1941, when only 110 of the 120 days provided by law had elapsed. The defendant allowed eleven days to elapse, until March 25, that is, until one day after the expiration of the term of 120 days, to request that the date of the trial be advanced. And when the case was called for trial on March 31, 1941, the defendant, instead of insisting that his motion for dismissal be previously decided, requested the continuance of the trial until the case should be set anew.

In the case of *People* v. *Ortiz,* 51 P.R.R. 367, also cited by the respondent court, the case was set for trial, before the expiration of the term, for a date six days subsequent to that when the term elapsed. The defendant, one day before the date set for the trial, moved for the dismissal of the case, which the court denied, and he appealed. On dis-

missing the appeal this Court stated also through its Chief Justice, Mr. Del Toro:

"A simple arithmetical operation permits the conclusion that the period of one hundred and twenty days expired on September 3, and hence that it had already expired when the trial was held. Could defendant, however, invoke his right when he did, that is, on September 8, a day before the trial, in spite of the setting made since August 7 previous, in accordance with the summons which the clerk of the district court had before him when he testified?

"In our judgment he could not. A simple motion on his part claiming his right, if presented immediately after being summoned, would have permitted the court to advance to September 2 the setting inadvertently made by the clerk of the court for the 9th of the same month. The right in question may be waived expressly or impliedly, and the conduct of the accused in this case constitutes an implied waiver." (51:369).

Petitioner alleges in each of the three cases that it was on March 25, 1941, when he knew for the first time that the trial had been set for the thirty-first of that same month, and that he immediately objected to said date.

On March 25, 1941, when 121 days from the filing of the informations had already elapsed, the defendant put an appearance, not to request the dismissal and filing away of the case, but to request that the date of the trial be advanced, which, in our opinion, constitutes an implied waiver, ratified and affirmed when the continuance of the trial was requested until a new date should be set for its holding.

The three petitions are hereby denied.